**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4056

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEVEN EDWARD DENKENBERGER, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:20-cr-00020-TSK-MJA-2)

Submitted:  February 22, 2024                     Decided:  February 27, 2024

Before NIEMEYER and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:**  Charles T. Berry, Kingmont, West Virginia, for Appellant.  William Ihlenfeld, United States Attorney, Wheeling, West Virginia, Brandon S. Flower, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Edward Denkenberger, Jr., pled guilty, pursuant to a written plea agreement, to possession with intent to distribute 50 grams or more of methamphetamine, in violation of 28 U.S.C. § 841(a)(1), (b)(1)(A)(viii).  The district court sentenced him to 210 months' imprisonment.  On appeal, Denkenberger argues that his sentence is both procedurally and substantively unreasonable and that his trial counsel provided ineffective assistance of counsel.  The Government requests that the court dismiss the appeal as barred by the appeal waiver in the plea agreement.

"We review an appellate waiver de novo to determine whether the waiver is enforceable." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021).  "[W]e will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *Id.* (internal quotation marks omitted).  An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.*  "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted); *see Boutcher*, 998 F.3d at 608.

Our review of the record confirms that Denkenberger knowingly and intelligently waived his right to appeal his sentence.  Denkenberger's challenges to the reasonableness of his sentence fall squarely within the scope of his valid and enforceable appeal waiver.

2

Denkenberger's claim that his trial counsel provided ineffective assistance falls outside of the scope of his appeal waiver. However, we will not consider ineffective assistance of counsel claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Based on our review of the present record, Denkenberger fails to meet this standard. We therefore decline to review this claim on direct appeal.

Accordingly, we dismiss Denkenberger's challenges to the reasonableness of his sentence and affirm the remainder of the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

3